# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPCION ARANDA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:20-cv-00558-SAB<br><br>ORDER SETTING VIDEO HEARING ON SUGGESTION OF DEATH OF PLAINTIFF FOR JUNE 29, 2021 |

Plaintiff Concepcion Aranda ("Plaintiff") filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying an application for disability benefits pursuant to the Social Security Act. (ECF No. 1.) On March 12, 2021, a stipulation was filed extending time for Plaintiff to serve her confidential letter brief on the Commissioner. (ECF No. 13.) The stipulation notified the Court that Plaintiff had passed away. (Id.) On March 15, 2021, an order issued addressing the requirements of Rule 25 of the Federal Rules of Civil Procedure and requiring a motion to substitute to be filed by the successor in interest within ninety days. (ECF No. 14.) On March 18, 2021, a proof of service was filed showing that the March 15, 2021 order had been served on the successors in interest. (ECF No. 15.)

Rule 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. Rule 25 provides that "a motion for substitution may

1

be made by any party or by the decedent's successor or representative" and "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). The Ninth Circuit has held that there are two affirmative steps that trigger the running of the ninety-day period in Rule 25(a)(1). See Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). First, a party must formally suggest the death of the party upon the record. Id. (citations omitted). Second, the suggestion of death must be served on parties in accordance with Rule 5 and served on nonparties in accordance with Rule 4. Id. (citation omitted); Fed. R. Civ. P. 25(a)(3)).

Here counsel for Plaintiff has filed a statement noting the death of Plaintiff upon the record. (ECF No. 13.) Specifically, the notice stated that Plaintiff's sister, Angela Flores, contacted counsel to notify him that Plaintiff had passed away. (Id.) The Court informed the parties of the requirements of Rule 25 and ordered service of the order on Plaintiff's representative or successor in interest. (ECF No. 14.) On March 18, 2021, Plaintiff's counsel filed a proof of service showing that a copy of the March 15, 2021 order had been mailed to Angela Flores, Luis Aranda, and Next of Kin on Behalf of Conception Aranda. (ECF No. 15.)

While a copy of the order was mailed to Angela Flores, Luis Aranda, and Next of Kin on Behalf of Conception Aranda, since the successor or representative is not a party to this action, service was required to comply with Rule 4 of the Federal Rules of Civil Procedure. See Barlow, 39 F.3d at 233. Rule 4(e) states that an individual may be served by following state law for service of the summons in the state where the court is located or by personally delivering a copy of the summons and a complaint, leaving a copy of each at the individual's usual place of abode, or delivering a copy of each to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2). Even if service does not comply with one of the three methods described in subsection 2, service is still proper if it complies with the law of the state where the district court is located, or the state where service is completed. Id.

California law allows for service upon an individual by personal delivery to the person to be served. Cal. Civ. Proc. Code § 415.10. California also allows for substitute service upon an individual:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b).

As stated in the statute and emphasized in the Judicial Council comments, substitute service on an individual is only allowed if personal service cannot be effectuated after the exercise of reasonable diligence to personally serve the individual party. See Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477 (1995) ("As noted in the Legislative comment to the section, 'Personal delivery must be attempted in all cases where this alternative method of service is used.' "); Jes Solar Co. Ltd. v. Tong Soo Chung, 725 F. App'x 467, 470 (9th Cir. 2018) (noting same).

Here, service by mail does not appear to comply with Rule 4. Further, there is nothing in the record that would indicate who the successors in interests are for this Social Security appeal. The Court shall set a hearing for the parties to address these issues and also to discuss who should be responsible for identifying and serving the successors in interest in compliance with Rule 4.

Accordingly, IT IS HEREBY ORDERED that a video hearing is set for June 29, 2021, at 10:30 a.m. in Courtroom 9 to address the issues identified in this order.

IT IS SO ORDERED.

Dated:  **June 24, 2021**

UNITED STATES MAGISTRATE JUDGE