# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPCION ARANDA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:20-cv-00558-SAB<br><br>ORDER RE STIPULATION FOR SUGGESTION OF DEATH ON NONPARTIES<br><br>(ECF Nos. 13, 18)<br><br>DEADLINE: July 29, 2021 |

Plaintiff Concepcion Aranda ("Decedent") filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying an application for disability benefits pursuant to the Social Security Act. (ECF No. 1.) On March 12, 2021, a stipulation was filed extending time for Plaintiff to serve her confidential letter brief on the Commissioner. (ECF No. 13.) The stipulation notified the Court that Plaintiff was deceased. (Id.) On March 15, 2021, an order issued addressing the requirements of Rule 25 of the Federal Rules of Civil Procedure and requiring a motion to substitute be filed by the successor in interest within ninety days. (ECF No. 14.) On March 18, 2021, a proof of service was filed showing that the March 15, 2021 order had been served on the successors in interest. (ECF No. 15.)

On June 24, 2021, an order was filed noting that the service did not comply with Rule 4 of the Federal Rules of Civil Procedure and setting a hearing to address who should identify and

1

serve the successors in interest to trigger the ninety day deadline in Rule 25. A hearing on the issue was held on June 29, 2021. Counsel Jonathan Pena appeared in his capacity as counsel for the deceased plaintiff and counsel Wyeth McAdam appeared for the Commissioner. Following the hearing, a stipulation was filed for counsel for the deceased Plaintiff to serve the nonparties. (ECF No. 18.)

Counsel for Plaintiff has filed a statement noting the death of Plaintiff upon the record. (ECF No. 13.) The notice stated that Plaintiff's sister, Angela Flores, contacted counsel to notify him that Plaintiff was deceased. (Id.) On May 18, 2021, Plaintiff's counsel filed a proof of service showing that a copy of the March 15, 2021 order had been served on Angela Flores, Luis Aranda, and Next of Kin on Behalf of Conception Aranda by mailing a copy of the order. (ECF No. 15.) At the June 29, 2021 hearing, Mr. Pena noted that the decedent was not married and her death certificate noted her next of kin as Luis Aranda, a nephew. Ms. McAdams noted that the administrative record contained a third party function report from the decedent's niece, Sandra Ramirez, stating that providing such a statement would indicate that decedent and her niece were close. (AR 307-314). Accordingly, there are three potential successors in interest that have been identified: Angela Flores, Luis Aranda, and Sandra Ramirez.

At the June 29, 2021 hearing, service on the successors in interest was addressed. While acknowledging that Mr. Pena no longer has an interest in this action as his client is deceased, the Commissioner took the position that he would be responsible for serving the successors in interest as he was the party that suggested death upon the record. On June 30, 2021, a stipulation was filed for counsel for the decedent to serve the successors in interest.[1]

Accordingly, pursuant to the stipulation of the parties IT IS HEREBY ORDERED that:

1. On or before **July 29, 2021**, Mr. Pena shall serve a copy of the March 15, 2021 order and this order on Angela Flores, Luis Aranda, and Sandra Ramirez in compliance with

---

[1] Despite the Commissioners' argument that it would be for the plaintiff's counsel to serve the nonparties, the plaintiff is deceased and is no longer a party in the action. Nor is Plaintiff's counsel a party to this action. He no longer has a client nor an interest in this action. "It has been held that the attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in the rule." § 1955 Death—Time for Substitution, 7C Fed. Prac. & Proc. Civ. § 1955 (3d ed.). The only party remaining in the action is the Commissioner.

Rule 4 of the Federal Rules of Civil Procedure and shall promptly file proofs of service;

    2.    Any motion to substitute for the decedent shall be filed within **ninety (90) days** of the date of service of the above referenced orders.

IT IS SO ORDERED.

Dated: **June 30, 2021**

                                                      UNITED STATES MAGISTRATE JUDGE