1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPCION ARANDA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:20-cv-00558-SAB<br><br>ORDER DISMISSING ACTION PURSUANT TO FED. R. CIV. P. 25(a)(1) AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 13, 19, 22, 23, 24) |

On April 17, 2020, Plaintiff Concepcion Aranda (the "Plaintiff" or "Decedent") filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying an application for disability benefits pursuant to the Social Security Act.  (ECF No. 1.)  On May 15, 2020, the Decedent Plaintiff consented to U.S. Magistrate Judge jurisdiction, and on June 25, 2020, the Defendant consented to U.S. Magistrate Judge jurisdiction.  (ECF Nos. 6, 10.)

A statement noting the death of Plaintiff upon the record, filed by counsel for the Decedent Plaintiff on March 12, 2021, proffered that Plaintiff's sister, Angela Flores, contacted counsel to notify him that Plaintiff was deceased.  (ECF No. 13.)  On March 15, 2021, an order issued addressing the requirements of Rule 25 of the Federal Rules of Civil Procedure and requiring a motion to substitute be filed by the successor in interest within ninety days.  (ECF No. 14.)  On March 18, 2021, Plaintiff's counsel filed a proof of service showing that a copy of

the March 15, 2021 order had been served on Angela Flores, Luis Aranda, and Next of Kin on Behalf of Conception Aranda by mailing a copy of the order. (ECF No. 15.) On June 24, 2021, the Court issued an order finding the service did not comply with Rule 4 of the Federal Rules of Civil Procedure, and setting a hearing to address who should identify and serve the successors in interest to trigger the ninety day deadline in Rule 25. (ECF No. 16.) A hearing on the issue was held on June 29, 2021. (ECF No. 17.) Counsel Jonathan Pena appeared in his capacity as counsel for the Decedent Plaintiff, and counsel Wyeth McAdam appeared for the Commissioner.

At the June 29, 2021 hearing, Mr. Pena noted that the Decedent was not married and her death certificate noted her next of kin as Luis Aranda, a nephew. Ms. McAdams noted that the administrative record contained a third party function report from the decedent's niece, Sandra Ramirez, stating that providing such a statement would indicate that decedent and her niece were close. (AR 307-314.) Accordingly, there are three potential successors in interest that have been identified: Angela Flores, Luis Aranda, and Sandra Ramirez. While acknowledging that Mr. Pena no longer has an interest in this action as his client is deceased, the Commissioner took the position that Mr. Pena would be responsible for serving the successors in interest as he was the party that suggested death upon the record. Following the hearing, on June 30, 2021, a stipulation was filed agreeing that counsel for the Decedent Plaintiff would serve the nonparty successors. (ECF No. 18.) On June 30, 2021, the Court entered the stipulation, and ordered that on or before July 29, 2021, counsel for the Decedent Plaintiff would serve a copy of the March 15, 2021 order, and the Court's June 30, 2021 order, on Angela Flores, Luis Aranda, and Sandra Ramirez in compliance with Rule 4 of the Federal Rules of Civil Procedure. (ECF No. 19.)[1] The order also required that any motion to substitute be filed within ninety (90) days of service. (ECF No. 19.)

---

[1] While the Court entered the stipulation, the order also noted that: "Despite the Commissioners' argument that it would be for the plaintiff's counsel to serve the nonparties, the plaintiff is deceased and is no longer a party in the action. Nor is Plaintiff's counsel a party to this action. He no longer has a client nor an interest in this action. 'It has been held that the attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the sort contemplated in the rule.' § 1955 Death—Time for Substitution, 7C Fed. Prac. & Proc. Civ. § 1955 (3d ed.). The only party remaining in the action is the Commissioner." (ECF No. 19 at 2 n.1.)

1    On July 9 and 14, 2021, incorrect proofs of service were filed.  (ECF Nos. 20, 21.)  On

2    July 16, 2021, proofs of service were filed demonstrating that Angela Flores and Luis Aranda

3    were served with the June 30, 2021 order.  (ECF Nos. 22, 23.)  On July 19, 2021, a declaration of

4    diligence was filed demonstrating that service was attempted on Sandra Ramirez on six (6)

5    different dates, but service was not successful.  (ECF No. 24.)

6    Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure,

7    [i]f a party dies and the claim is not extinguished, the court may order substitution
     of the proper party.  A motion for substitution may be made by any party or by the

8    decedent's successor or representative.  If the motion is not made within 90 days
     after service of a statement noting the death, the action by or against the decedent

9    must be dismissed.

10   Fed. R. Civ. P. 25(a)(1).  The Social Security Regulations provide that certain survivors may be

11   entitled to posthumous payments of benefits.  See 42 U.S.C, § 1383(b)(1)(A); 20 C.F.R. §

12   416.542(b).  "Because the Social Security Act expressly provides for benefits to be paid to

13   survivors in the event she died before collecting benefits owed," Plaintiff's claims in this action

14   were not necessarily extinguished upon her death.  Maseda v. Saul, No. 1:20-CV-01657 JLT,

15   2021 WL 1990179, at *1 (E.D. Cal. Apr. 14, 2021).

16   The Ninth Circuit has held that there are two affirmative steps that trigger the running of

17   the ninety-day period in Rule 25(a)(1).  See Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).

18   First, a party must formally suggest the death of the party upon the record.  Id. (citations

19   omitted).  Second, the suggestion of death must be served on parties in accordance with Federal

20   Rule of Civil Procedure 5, and served on nonparties in accordance with Federal Rule of Civil

21   Procedure 4.  Id. (citation omitted); Fed. R. Civ. P. 25(a)(3)).

22   The Court first finds that it may properly make a determination whether dismissal of this

23   action pursuant to Rule 25 is proper, based on the consent of the parties filed before the death of

24   the Decedent Plaintiff.  (ECF Nos. 6, 10); see George v. United States, 208 F.R.D. 29, 32 (D.

25   Conn. 2001) (adjudication by magistrate judge of motion to dismiss based on plaintiff's failure to

26   file a motion to substitute a successor to the plaintiff-decedent within the 90 days required by

27   Rule 25(a)(1)); Watson v. Beard, No. CIV.A. 09-87J, 2013 WL 4648323, at *13 (W.D. Pa. Aug.

28   28, 2013) (dismissal for failure to file motion to substitute by magistrate judge with consent

forms filed before notice of death), aff'd sub nom. Watson v. Fisher, 558 F. App'x 141 (3d Cir. 2014); Hundley v. Columbia Sussex Corp., No. 1:15-CV-397, 2016 WL 3546355, at *2 (N.D.N.Y. June 23, 2016) (same).

Next, the Court finds that service on the potential nonparty successors in interest has been sufficiently completed, triggering the running of the ninety-day period in Rule 25(a)(1).  See Barlow, 39 F.3d at 233; Fed. R. Civ. P. 25(a)(1).  The niece of the Decedent, Sandra Ramirez, identified by Defendant as someone that submitted a third party function report on behalf of the Decedent, was not successfully served as shown by the declaration of diligence.  (ECF No. 24.) Nonetheless, the Decedent's sister Angela Flores, who notified counsel of the death of the Decedent, was served with the relevant notice.  (ECF No. 22.)  Further, Luis Aranda, the Decedent's nephew, noted as next of kin on the death certificate, was also served with the relevant notice in compliance with Rule 4.  (ECF No. 23.)

As more than ninety days have elapsed since the notice of death on the record, and no motion for substitution has been made, Plaintiff Concepcion Aranda's claims must be dismissed. Fed. R. Civ. P. 25(a)(1).

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff Concepcion Aranda's claims in this action are DISMISSED pursuant to
        Federal Rule of Civil Procedure 25(a)(1); and

2.      The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:   **October 19, 2021**                    _____
                                                 UNITED STATES MAGISTRATE JUDGE